IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **RICHARD ANGINO and ALICE ANGINO,** : | CIVIL ACTION NO. 1:15-CV-1145 |
| : | |
| : | **(Chief Judge Conner)** |
| **Plaintiffs** : | |
| : | |
| v. : | |
| : | |
| **SANTANDER BANK, N.A.,** : | |
| : | |
| **Defendant** : | |

## ORDER

AND NOW, this 2nd day of February, 2016, upon consideration of the complaint (Doc. 1) of plaintiffs Richard Angino and Alice Angino (collectively, the "Anginos"), wherein the Anginos assert various claims against defendant Santander Bank, N.A. ("Santander"), deriving predominately from a $250,000 consumer line of credit which the Anginos obtained from Santander, and Santander's decision to call the line of credit in August of 2010, (see id. ¶¶ 1-41), and further upon consideration of the report (Doc. 19) of Chief Magistrate Judge Martin C. Carlson, recommending that the court grant Santander's motion (Doc. 8) brought pursuant to Federal Rule of Civil Procedure 12(b)(6), see FED. R. CIV. P. 12(b)(6), and dismiss the Anginos' complaint (Doc. 1), wherein the magistrate judge opines specifically that: (1) the Consumer Line of Credit Agreement ("the Agreement"), attached and incorporated into the Anginos' complaint, (see Doc. 1 Ex. A), unambiguously includes a maturity date of June 15, 2008, permitting Santander to thereafter call the line of credit and defeating the Anginos' breach of contract claim stemming from Santander's action in calling the loan; (2) the Anginos' untethered reference to contractual doctrines of

impossibility, reasonable expectations, ambiguity, waiver and estoppel, mutual mistake, and the implied duty of good faith cannot cure the factual deficiencies in the Anginos' breach of contract claim; (3) the Anginos fail to plead the requisite preconditions for a claim against Santander under the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681; (4) the Anginos fail to plead that Santander engaged in fraudulent or deceptive acts in support of their claim for violation of Pennsylvania's Unfair Trade Practices and Consumer Protection Law ("UTPCPL"), 73 PA. STAT. AND CONS. STAT. ANN. § 201-1 *et seq.*; (5) the Anginos cannot state a claim against Santander for intentional infliction of emotional distress because a lender's pursuit of its legal contractual rights is not "outrageous" conduct as a matter of law; and (6) the Anginos' common law libel claim arising from alleged false reports to credit agencies is preempted by the FCRA, (see Doc. 19 at 12-33), and the court noting that the Anginos have filed objections (Doc. 20) to the report, see FED. R. CIV. P. 72(b)(2), wherein the Anginos restate many of the same arguments raised in opposition to Santander's underlying Rule 12 motion, concede that their libel claim fails as a matter of law, and request leave to amend their FCRA claim, (see Doc. 20 at 8-17), and the court further noting that said objections have been fully briefed by the parties, (see Docs. 21-23), and, following a *de novo* review of the contested portions of the report, see Behar v. Pa. Dep't of Transp., 791 F. Supp. 2d 383, 389 (M.D. Pa. 2011) (citing 28 U.S.C. § 636(b)(1)(C); Sample v. Diecks, 885 F.2d 1099, 1106 n.3 (3d Cir. 1989)), and applying a clear error standard of review to the uncontested portions, see Cruz v. Chater, 990 F. Supp. 375, 376-78 (M.D. Pa. 1999), the court being in agreement with the Anginos to the limited extent the court finds that

2

the suppositional narrative set forth in the report's introductory paragraphs—pertaining to Richard Angino's professional career and the couple's presumptive economic ambitions—is without objective support in the Anginos' pleading and must be stricken from the report, but the court otherwise finding Judge Carlson's legal analysis to be thorough, well-reasoned, and fully supported by the record, and thus finding the Anginos' objections to the report's ultimate recommendations to be without merit,[1] and the court concluding that the Anginos' claim for intentional infliction of emotional distress fails as a matter of law, but otherwise concluding, in answer to the Anginos' plea for leave to amend, (see Doc. 20 at 16; Doc. 24), that the Anginos should be afforded one final opportunity to amend their pleading to the extent they are able to cure the deficiencies in their breach of contract, FRCA, and UTPCPL claims, it is hereby ORDERED that:

1. The Anginos' objections (Doc. 20) are SUSTAINED to the limited extent that the court orders to be STRICKEN the introductory paragraphs of the report (Doc. 19 at 1-2) of Chief Magistrate Judge Carlson. The Anginos' objections (Doc. 20) are otherwise overruled.

2. Chief Magistrate Judge Carlson's report (Doc. 19) is ADOPTED as modified by paragraph 1.

---

[1] One particular point warrants emphasis. In their objections, the Anginos "dispute the Magistrate's conclusion that the March 17, 2008, Consumer Line of Credit Agreement controls the parties' contract dispute" and that its maturity date is "not applicable to this case." (Doc. 20 at 10-11). In actuality, the Anginos' own *allegata* expressly link their contract claim to the March 17, 2008 Agreement. Count I of the Anginos' complaint is titled "Breach of Contract, including Breach of Good Faith with respect to Consumer Line of Credit Agreement, Exhibit A," and the Anginos specifically attached to the complaint, and incorporated by reference, the Agreement dated March 17, 2008. (Doc. 1 at 14 & Ex. A). The Anginos cannot reframe their unsuccessful breach of contract claim through objections; rather, to the extent the Anginos wish to identify a separate contract as the basis of their claim, they must amend their pleading.

3. Santander's motion (Doc. 8) to dismiss is GRANTED and the Anginos' complaint (Doc. 1) is dismissed as follows:

   a. The Anginos' intentional infliction of emotional distress claim (Count IV) and libel claim (Count V) are DISMISSED with prejudice.

   b. The remainder of the Anginos' complaint (Counts I, II, III) is DISMISSED without prejudice.

4. The Anginos are granted leave to amend their pleading within twenty (20) days of the date of this order, consistent with paragraph 3 above and the report (Doc. 19) of Chief Magistrate Judge Carlson. In the absence of a timely filed amended complaint, Counts I, II, and III will be dismissed with prejudice and the Clerk of Court will be directed to close this case.

/S/ CHRISTOPHER C. CONNER
Christopher C. Conner, Chief Judge
United States District Court
Middle District of Pennsylvania